HORTON et al. v. McKEE et al.

(Circuit Court, N. D. Georgia. April 8, 1895.)

No. 806.

1. CONTRACTS—SPECIFIC PERFORMANCE—INDEFINITENESS.
    A contract for the sale of real estate provided that a part of the purchase money, payment of which was to be deferred for a year, should be "secured by mortgage on property worth at least two for one." *Held*, that such contract was not too indefinite, as to the kind of property on which security should be given, to justify a decree for specific performance.

2. SAME—READINESS TO PERFORM.
    *Held*, further, that the complainant was not entitled to a decree for specific performance, without a clear and definite offer, contained in his bill, to comply with the contract on his part, especially in respect to the character of the property on which it was proposed to give security.

This was a suit by H. M. Horton and Joseph M. Parsons against David M. McKee and Frank F. Moore for specific performance of a contract for the sale of real estate. The defendants demurred to the bill.

L. E. Parsons, Jr., and Mayson & Hill, for complainants.
R. P. Lattner, F. F. Moore, and E. T. Williams, for defendants.

NEWMAN, District Judge. The amendment filed by the plaintiffs, setting up the map furnished them by defendant McKee, relieves the case of any difficulty as to the identification of the property sold, if there was any before, about which I have some doubt.

The other point raised by the demurrer and on the argument is that the contract is indefinite and incomplete as to the clause providing for securing one-half of the purchase money, the payment of which is to be deferred for one year. The language of the agreement is that it is to be "secured by mortgage on property worth at least two for one." The word "property," as used in this connection, can hardly have the enlarged meaning contended for by counsel for the defendants. They say it would embrace everything

which can be called property. This could not be true,—it could not, for example, refer to perishable property, vegetables, and the like, as they argue. Such property could not be considered as having been in contemplation to secure a debt running for a year. Neither do I think that the term would be held to embrace bonds, stocks, and the like, as contended, because in that case the term "mortgage" would hardly have been used, but rather the expressions "collateral" or "pledge," or both the term "mortgage" and one of the latter, probably; so that it refers either to substantial personalty or to real estate. My opinion is that real estate was in the minds of the parties when the contract was made. The contract itself is in reference to real estate, and this class of property is usually given to secure debts such as this, and running as long as this debt would have run. The general rule controlling cases of this sort is stated in Fry, Spec. Perf. § 349, as follows:

"It is, of course, essential to the completeness of the contract that it should express not only the names of the parties, the subject-matter, and the price, but all the other material terms. What are, in each case, the material terms of a contract, and how far it must descend into details to prevent its being void, as incomplete and uncertain, are questions which must, of course, be determined by a consideration of each contract separately. It may, however, be laid down that the court will carry into effect a contract framed in general terms, where the law will supply the details; but, if any details are to be supplied in modes which cannot be adopted by the court, there is then no concluded contract capable of being enforced."

In the agreement now before the court, as has been observed, the property which is the subject-matter of the agreement is sufficiently identified; then the parties are named, and the price is fixed. The only matter remaining to be settled is the security for the payment of the deferred part of the purchase money. The main purpose of the clause under consideration is security, and ample security, for the purchase money. The particular character of the property is immaterial, evidently; the real object is good security. It seems that this is one of the cases where, notwithstanding the general terms of the agreement, the law, through the machinery of the court, may supply the details.

Another suggestion may be made. Defendant McKee has, by his refusal to consummate the trade, put it out of the power of complainant to give him any kind of security, even of the very best character, and of ample valuation, and he should not be allowed to take advantage of his own default, if complainant was ready and willing to comply with the contract on his part. "When the contract is incomplete through default of the defendant, and the incompleteness is one which can be remedied, the court will not refuse its aid." Fry, Spec. Perf. § 322, citing Pritchard v. Ovey, 1 Jac. & W. 396; Lord Kensington v. Phillips, 5 Dow, 61 (decided by Lord Eldon and referred to in Pritchard v. Ovey). The difficulty about this case on the part of complainant is that there is not in the bill a clear and definite offer to comply with the contract on his part, and especially in the respect now under consideration. I think the bill should show a readiness and willingness on the part of complainant, prior to the filing of the bill, to fully

comply with the contract by paying the one-half cash of the purchase-money, and securing the remaining $15,000 by a mortgage on property worth at least $30,000, and naming at least the character of the property which is tendered, and a present continuing offer of the same kind. In other words, in order to save this case for complainant, it is necessary that he should particularize and come clearly within the terms of that which is general in the agreement with reference to security for the deferred purchase money. If an amendment is offered which is deemed sufficient in this respect, the demurrer will be overruled; otherwise it will be sustained.